371 So.2d 207 (1979)
STATE of Florida ex rel. The TALLAHASSEE DEMOCRAT, INC., Petitioner,
v.
The Honorable Kenneth E. COOKSEY, Etc., et al., Respondents.
No. NN-52.
District Court of Appeal of Florida, First District.
May 22, 1979.
*208 C. Gary Williams of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for petitioner.
Dave McGee, Tallahassee, Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., Clifford Davis, Roosevelt Randolph, and Philip J. Padovano, Tallahassee, for respondents.
McCORD, Chief Judge.
This appeal is from an order entered by the Honorable Kenneth E. Cooksey, Circuit Judge, respondent, denying after hearing the petition of the Tallahassee Democrat, Inc., for reconsideration of his order sealing the record (the court file) in a pending and untried criminal case in the Circuit Court of the Second Judicial Circuit in and for Wakulla County, Florida. The criminal case is one in which respondents Johnny Copeland, Frank Smith and Victor Hall are charged by indictments with first degree murder and other crimes. The order was entered by the trial court on its own motion without prior notice or hearing upon a finding by the court that "the interest of justice would be best served by sealing of the Court's records in this matter." It directed that the records be sealed from all parties except the state and the defendants. We have jurisdiction to review the action of the trial court under Fla.App.R. 9.100(d) in that it is an order excluding the press and public from access to judicial records which are not required by law to be confidential.
Petitioner contends it was error to seal the file without notice to the news media and a hearing prior to the entry of such *209 order; that an order closing the record cannot be entered absent a showing that closure is necessary to prevent a serious and imminent threat to the administration of justice and no less restrictive alternate measures are available; that an order closing the record must specifically set forth the reasons therefor so that a reviewing court can make a determination as to the constitutionality of the order.
Petitioner narrows the foregoing questions to whether the entry of the order in this case was consistent with the standards and procedures established by the Supreme Court in State ex rel. Miami Herald Pub. v. McIntosh, 340 So.2d 904 (Fla. 1976), and by the Second, Third and Fourth District Courts of Appeal in News-Press Publishing Company, Inc. v. State, 345 So.2d 865 (Fla. 2 DCA 1977); Miami Herald Publishing Co. v. State, 363 So.2d 603 (Fla. 4 DCA 1978); and Miami Herald Publishing Co. v. Collazo, 329 So.2d 333 (Fla. 3 DCA 1976). Petitioner's primary reliance is upon the Supreme Court's opinion in McIntosh, the first above-cited case. Unlike the case sub judice, however, McIntosh involved prior restraint upon publication of open court proceedings rather than closure of a case file. There the trial court entered a pretrial order directing that members of the news media "`not report any testimony presented and/or evidence exhibited in the absence of the jury unless same shall have been admitted in evidence by the Court, or is a public record, or is presented in open court in the presence of the jury.'"
In considering petitioner's first point that notice must be given and hearing must be had before a court file may be sealed, the case here requires a different procedure from that followed in prior restraint cases, such as McIntosh. In such cases, notice before restraint is not a major problem because the trial court can simply hold the proceedings in abeyance until its ruling is made. In sealing a file, however, the damage to a defendant (if damage it be) can be done before notice can be given and a hearing held to determine whether or not the file should be sealed. McIntosh is, therefore, not applicable to this proceeding. In the case sub judice, upon learning of the order sealing the file, petitioner filed its motion and a hearing was then held thereon. We find no error in the procedure followed by the trial court. In the future, however, when a trial court enters an order sealing a court file (or portion thereof), it should direct the clerk to forthwith post a copy of the court's order on the bulletin board of or the front door of the courthouse for a period of 15 days following its rendition. Such will constitute adequate notice to interested parties should they desire to move for reconsideration as did petitioners here.
Moving to the substantive question of whether or not the trial court erred in not granting petitioner's motion to reopen the file, it should be recognized that in criminal cases the trial court must balance two constitutional provisions which sometimes clash  (1) freedom of the press under the First Amendment to the United States Constitution and § 4 of Art. I of the Florida Constitution, and (2) the right of a defendant to fair trial under the Sixth Amendment of the United States Constitution and § 16 of Art. I of the Florida Constitution. Where such a clash occurs, the trial judge walks a tight wire in resolving the constitutional conflict. The right of the news media and the public to know all that transpires in a criminal case (beyond their unchallenged right to observe all proceedings in open court)[1] must be carefully weighed against the defendant's right to a fair trial, but the defendant's right to a fair trial should be given paramount consideration.[2] This should be with the realization, of course, that denial of access by the press to all or part of the criminal case file is not forever and should be terminated when the necessity for such denial has ceased to exist.
*210 There is a basic and fundamental difference between closing an open court proceeding (or prohibiting the news media from publishing what they hear in open court) and closing all or a portion of a court file. In the latter case, the file or portion thereof is sealed to insure that the public will not be infected prior to the trial with information which will not be admissible in evidence against the defendant. Once a jury has been selected and the trial begins, the court can take measures (such as excluding the jury during argument of the admissibility of certain evidence or sequestering the jury during recesses) to see that the jury is not infected with inadmissible evidence.
Our sister court of the Second District in News-Press Publishing Company, Inc. v. State, supra, held that the trial court should specifically set forth in its order sealing a court file its reasons therefor in order that the legality thereof can be reviewed. It was pointed out that the basis for closing the records can be sufficiently stated without divulging the information sought to be protected. We agree. The trial court has authority in its discretion to seal all or part of a criminal court file if it finds there are compelling reasons to do so and provided the court makes a full exploration of all relevant facts, opposing views, and possible alternatives considering always whether or not the sealing of the file or a portion thereof is so necessary to protect rights of the litigants that the rights of the news media under the First Amendment must give way. Upon review of such an order, this Court will determine whether there has been such full exploration and whether the results thereof relate rationally to the trial court's decision.
Here the trial court, in closing the file, found only that the interest of justice would be best served by sealing it. We consider that more definitive reasons are necessary in order that the legality of the reasons may be reviewed. The reasons, however, should not be so definitive as to prejudice the defendant in the trial of his case. In addition, as shown by the transcript of the hearing below, the trial judge noted that there were portions of the file which would not require sealing, but he did not exclude such portions from the sealing requirement. Such should have been done.
We reverse and remand to the trial court with directions to further consider this case in the light of this opinion. Upon any further review of subsequent action of the trial court, this Court will not substitute its judgment for that of the trial judge in the absence of a clear showing upon the record of a manifest abuse of discretion.
We have considered Miami Herald Publishing Co. v. State, supra, and Miami Herald Publishing Co. v. Collazo, supra, and find them not relevant to the case sub judice. The first above cited is a prior restraint case and Collazo dealt with an order sealing a settlement agreement made in a hearing before the court.
Pursuant to § 3(b)(3) of Article V of the Constitution of the State of Florida, we certify to the Supreme Court of Florida the questions passed upon by this decision to be questions of great public interest.
REVERSED AND REMANDED.
ROBERT P. SMITH and LARRY G. SMITH, JJ., concur.
NOTES
[1] State ex rel. Miami Herald Pub. v. McIntosh, 340 So.2d 904 (Fla. 1976).
[2] The right of fair trial has been referred to as "the most fundamental of all freedoms," Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965).