PER CURIAM.
The petition seeks review, under Rule 9.100(d), Florida Rules of Appellate Procedure, of Administrative Order No. 78-10, entered by the respondent, Honorable Ben C. Willis, Circuit Judge, on February 27, 1978.
The administrative order provides that in all actions for determination of paternity pursuant to Chapter 742, Florida Statutes, the files shall be sealed at the time of filing in the office of the Clerk of the Circuit Court, so as to insure that no publication shall be made of the name of any parties to that proceeding. The order further provides that the files shall be available only to parties, their counsel, and authorized agents *DCCCXCVIII unless otherwise authorized by court order. No reasons or authority for the order is stated in it except in the introductory paragraph, in which it is stated that it has come to the attention of the Chief Judge that despite the illegality of publishing of names of parties to paternity actions as provided in Section 742.09, Florida Statutes, “certain problems have arisen regarding this matter”.
Petitioner seeks a ruling by this court that the order is invalid upon one or all of the following grounds: (1) The court provided no notice nor opportunity to be heard prior to the closure of all paternity actions; (2) the order was entered without a showing that (a) closure was necessary to prevent a serious and imminent threat to the administration of justice, (b) no less restrictive alternative measures were available and (c) closure would in fact achieve the objects sought to be accomplished by the order; and (3) that Section 742.09, Florida Statutes (1977), is unconstitutional on its face as applied to petitioner, since the statute amounts to an unlawful prior restraint upon the right of free speech and press in violation of the First and Fourteenth Amendments of the United States Constitution, and Article I, Section 4 of the 1968 Florida Constitution.
It is noted initially that Rule 9.100(d), Florida Rules of Appellate Procedure, under which petitioner seeks relief, provides that the petition to review an order “excluding the press or public” from access to any proceeding, or any judicial records, shall be filed in the appropriate District Court of Appeal “as soon as practical following rendition of the order sought to be reviewed, . ”. As noted, the administrative order was entered February 27, 1978. The petition for review herein was not filed until October 16,1979, more than 20 months later. The petition contains no explanation for the delayed interest in the order, nor does the petition set forth any facts or circumstances pertaining to any particular matter to which petitioner’s attention has been recently focused. It appears that the situation is different than the one dealt with in Tallahassee Democrat, Inc. v. Willis, 370 So.2d 867 (Fla. 1st DCA 1979), in which the order sought to be reviewed was entered March 16, 1979, and the petition for review in this court was filed April 11,1979. A further difference is found in the fact that Tallahassee Democrat v. Willis dealt with a purported “administrative order” which was found by this court to run counter to the rules of practice and procedure adopted by the Supreme Court of Florida. In the case before us, the basis for the administrative order seems to be the desire of the Chief Judge to implement the requirements of Section 742.09, Florida Statutes, by removing court files in paternity cases from the scrutiny on the news media.
We would encounter some difficulties in entertaining the petition on the present state of the record before this court. There is, in fact, no record before us, other than the petition, a copy of the order, the State’s response to our order to show cause, and petitioner’s reply to the response. Certain of the grounds relied upon by petitioner, therefore, having to do with the absence of a notice or opportunity to be heard prior to entry of the order, as well as the necessity for the order, existence of alternative measures, and the effectiveness of the order to achieve the purpose sought, would have to be considered by this court, if at all, simply in the abstract, without the benefit of any record containing evidence, the arguments and contentions of the parties, and the reasons which might support the entry of the order. There is precedent from this and other courts of the State for requiring a post-closure hearing after entry of an order closing court files or portions thereof. State ex rel. Tallahassee Democrat v. Cooksey, 371 So.2d 207 (Fla. 1st DCA 1979); News-Press Publishing Company, Inc. v. State, 345 So.2d 865 (Fla. 2nd DCA 1977). It is noted, particularly, that in Tallahassee Democrat v. Cooksey, the petitioner, upon learning of the order sealing the file, filed its motion with the trial court and was successful in obtaining a hearing on the motion. This procedure was approved by this court. The record before us in this case does not disclose whether *DCCCXCIX notice was given either by posting, or otherwise, nor are we advised of any hearing or consideration of objections to the order by petitioner or any other interested persons.
As for petitioner’s argument concerning the constitutionality of Section 742.09, Florida Statutes, it would appear that a petition for review such as the one before us would not be the proper procedure for a challenge to the constitutionality of a state statute. It appears to be fundamental that jurisdiction is vested in the Circuit Courts, initially, to rule upon the constitutional validity of state statutes, and in any event, before an order of the circuit court is stricken down by this court based upon a claim of constitutional invalidity of the statute under which it was promulgated, it would appear that the orderly processes of judicial administration would dictate that the constitutional challenge be first presented to the court whose order is in question. So far as we can determine from the record before us, this has not been done. It is noted that under Rule 2.020(c), Florida Rules of Judicial Administration, an administrative order, which is a directive necessary to properly administer the court affairs, “shall not be inconsistent with the Constitution”. Without expressing any opinion whether the administrative order in question does or does not violate this prohibition, under the circumstances presented here we think any constitutional issue should first be presented to the trial court.
It is noted also that at the time of the entry of this administrative order the Chief Judge of the circuit did not have the benefit of this court’s ruling in Tallahassee Democrat v. Willis, supra, and Tallahassee Democrat v. Cooksey, supra, nor did the court have the benefit of the decision in Smith v. Daily Mail Publishing Co., - U.S. -, 99 S.Ct. 2667, 61 L.Ed.2d 399 (1979), and perhaps other decisions upon which petitioner relies.
For the foregoing reasons, the petition for review is denied, without prejudice to petitioner’s right to seek relief before the respondent Chief Judge.
MILLS, C. J., McCORD and LARRY G. SMITH, JJ., concur.