MILLS, Judge.
The Tribune Company petitions for a writ of certiorari to review an order of Judge Rudd closing an injunction hearing to the press and public and preventing access to the pleadings and the record of that hearing.
This case arises from an investigation of Ambrose Garner by The Florida Commission on Ethics. The day before a scheduled hearing by the Commission, Garner sought an injunction against the Commission. A hearing on the injunction was set for 2:00 p. m. At approximately 10:00 a. m., Judge Rudd informed The Tribune’s reporter that the press would not be allowed in the hearing. At 1:55 p. m., a delay was requested by The Tribune and refused. Review in this court was sought which resulted in an order directing a hearing on closure in accordance with State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904 (Fla.1977). Judge Rudd was informed of our decision, but only after the hearing had been completed. The Tribune renewed its petition seeking access to the file in the circuit court and a transcript of the hearing, as well as vacating any order entered at that hearing.
The last relief sought is beyond our jurisdiction in this proceeding. The press is permitted to challenge the closure of a hearing but this does not make it a party to the hearing nor allow it to seek review of the merits of the action taken at the hearing.
It is, of course, pointless to require further proceedings on the issue of access to the hearing itself. The pleadings and record are still sealed, however. A post-closure hearing is in order to determine the propriety of continued closure of these records. Gadsden County Times, Inc. v. Willis, 377 So.2d 817 (Fla. 1st DCA 1979). This hearing should inquire into the necessity of closure, availability of less restrictive alternatives, and whether closure achieves the desired objectives. Any order resulting from this proceeding may then be reviewed here, with a record sufficient for that purpose. Gadsden County Times, supra.
Judge Rudd did in fact enter an order explaining his reasons for closing the hear *67 ing. The merits of this order are not before us now.
The petition is granted and the respondent judge is directed to conduct proceedings in accordance with this opinion.
SHIVERS and WIGGINTON, JJ„ concur.