# STATE OF FLORIDA v. JARRELL

## Case No. 84-6030CF

Fourth Judicial Circuit, Duval County

May 3, 1985

### APPEARANCES OF COUNSEL

**John A. Delaney,** Assistant State Attorney, for plaintiff.

**Edward M. Booth** and **Donald G. Nichols** for defendant.

**Harold B. Wahl** for Florida Publishing Company, TV 12 and TV 17.

**K. Alexandra Krueger** for WJXT-Channel 4.

### OPINION OF THE COURT

R. HUDSON OLLIFF, Circuit Judge.

This cause is before the Court on the Defendant's Motion for Closure of Portions of Pre-trial Hearings and Temporary Sealing of Portions of Court Files. Said motion requested this Court to enter an

Order prohibiting "the press or public from attending certain pre-trial hearings in this cause, and sealing . . . certain pleadings." (Defendant's Motion for Closure, page 1)

## FACTUAL BACKGROUND

Defendant in this cause is currently charged with one count of Attempted Sexual Battery, one count of Sexual Battery, one count of Carnal Knowledge, and one count of Sexual Battery by Use of Custodial Authority, all of which relate to two teenage victims. The Defendant is a practicing physician, and former chairman of the board of trustees of a local junior college, and his initial arrest some ten months ago received some, though far from extensive, publicity.

At a January hearing on this cause, counsel for the Defendant related that he had in his possession a courtesy, or advance copy of the State's Notice of Similar Fact Evidence, commonly known as a "Williams Rule Notice". The State in its notice indicated its intent to rely on similar crimes, wrongs, or acts by the Defendant which involved eight separate victims and numerous allegations of Lewd and Lascivious Conduct, three types of Sexual Battery, and Carnal Knowledge. The Defendant, through his attorney, felt that public release of the Williams Rule Notice would prejudice his rights because of the pre-trial publicity that such a document would generate - and filed this Motion for Closure. The State agreed not to file with the Clerk of Court the original copy of the Williams Rule Notice until such time as the Court had heard and ruled on the closure motion.

The Defendant then filed with the Court his Motion for Closure, together with a sealed copy of the State's Williams Rule Notice and the Defendant's pleading in response entitled "Defendant's Motion to Strike Notice of Similar Fact Evidence". Said Motion to Strike alleged that the State's notice should be stricken as it did not comply with the particularity requirements necessary to such notice. Additionally, the Defendant orally contended that the Williams Rule Notice would be subject to attack on other legal grounds, and he would be compelled to present such attacks by a Motion in Limine.

This Court entered an Order, with the full consent of the State, granting temporary sealing of the in camera motions until such time as a full and fair hearing on the closure aspect was had and all interested parties able to present their viewpoints. Pursuant to the holding and guidelines of *Miami Herald Publishing Company v. Lewis*, 426 So.2d 1 (Fla. 1982), and *State v. Cooksey*, 371 So.2d 207 (Fla. 1st DCA 1979), the Court gave notice to all local news media of the Defendant's motion, and scheduled a later hearing.

32

All interested parties were given an opportunity to submit their views to the Court. A hearing was held on February 9, 1985, and legal representatives of the local newspaper and three television stations appeared. The propriety of that procedure and the closure hearing is not at issue.

## LEGAL ISSUES PRESENTED

The Defendant contended that an open and public hearing on the admissibility of the State's similar fact evidence, some of which may ultimately be ruled inadmissible, would gain such widespread media attention that it would affect the Defendant's right to a fair trial and that a jury could not be selected in Duval County. In support of its contention the Defendant offered to present testimony of at least one local criminal defense attorney who had viewed the State's Williams Rule Notice. Said attorney was to give his opinion of the effect of a public hearing of the matters contained in the Williams Rule Notice and its effect on a jury venire. The Defendant proposed that this witness be accepted virtually without cross-examination—a procedure the Court finds unacceptable, unnecessary and improper as impinging on its fact finding function.

In opposition, the representatives of the media argued that without ability to cross-examine the defense witness, and relying only upon the general facts outlined in the Defendant's closure motion, they would not have been advised sufficiently what they were to contest. The Media, as well as the State, further argued that the strict requirements of *Lewis* necessitated a showing by the movant that, essentially, the defendant would not be able to select a jury, and that this was improbable in a county of Duval County's geographical size and population.

## CONCLUSIONS OF LAW

The right of the news media and the public to know all that transpires in a criminal case must be carefully weighed against the Defendant's right to a fair trial, but the Defendant's right to a fair trial would be given paramount consideration. *Estes v. Texas*, 85 Sup.Ct. 1628 (1965); *Tallahassee Democrat v. Cooksey*, 371 So.2d 207 (Fla. 1st DCA 1979); Section 16, Article I, Florida Constitution, Sixth Amendment, United States Constitution.

The trial court has discretionary authority to seal all or part of a criminal court file if it finds there are compelling reasons to do so, and provided the Court makes a full exploration of all relevant facts, opposing views, and possible alternatives. The Court must always

**33**

consider whether or not the sealing of a file or a portion thereof is so necessary to protect the right of the defendant that the rights of the news media under the First Amendment must give way. *Cooksey.*

The Defendant has a constitutional right to be tried in the county where the alleged crime was committed, and to a speedy and public trial by impartial jury. Section 16, Article 1, Florida Constitution; *Miami Herald v. Lewis,* 426 So.2d 1 (Fla. 1982). Thus, the Defendant cannot be forced to select a change of venue as the only alternative to non-closure of a court file or court proceedings.

## COMMENT OF COURT

Courts have the inherent power to preserve order and decorum in the courtroom, to protect the rights of the parties and witnesses, and generally, to further the administration of justice. This power exists apart from any statute or specific constitutional provision, and springs from the creation of the very court itself. *Lewis,* p.3. There is no First Amendment right to access to pre-trial criminal proceedings. *Gannet Company v. DePasquale,* 99 Sup.Ct. 2898, *Lewis,* supra. The non-constitutional privilege enjoyed by the press should not be elevated above the constitutional guarantee of the Defendant's right to be tried in the county where the crime was committed. A change of venue should not be considered as an alternative to closure. *Lewis.*

## SUMMARY OF COURT'S CONSIDERATIONS

The trial court should begin its consideration with the assumption that a pre-trial suppression hearing be conducted in open court unless those seeking closure carry their burden to demonstrate a strict and inescapable necessity for closure. In considering closure, the Court is bound by a three-pronged consideration:

1. Closure is necessary to prevent a serious and imminent threat to the administration of justice;

2. No alternatives are available, other than change of venue, which would protect the Defendant's right to a fair trial; and

3. Closure would be effective in protecting the rights of the accused, without being broader than necessary to accomplish this purpose. *Lewis*

To summarize, quite simply, the people have a right to know what occurs in the courts. What transpires in the courtroom is public property. *Lewis.* To overcome this, those seeking closure carry the burden to demonstrate a "strict and inescapable necessity for closure". *Lewis,* p.8.

34

## CONCLUSION OF COURT

In the case sub judice, the Defendant has failed to meet the burden imposed upon him as movant in a closure proceeding.

### I. Closure Is Not Necessary to Prevent a Serious and Imminent Threat to the Administration of Justice.

The Court finds that the orderly progression of this case, and the decorum which must accompany the administration of any criminal case have not been affected or impeded by media coverage. Further, the Defendant's rights to a fair trial have not, as yet, been affected, i.e., there is no evidence of widespread hostile publicity, nor is it likely that the release of the Williams Rule documents in an open and public hearing will affect that right or aggravate what has been virtually muted media coverage. Quite simply, this case is not notorious.

It has not received significant publicity. Though the Defendant is concerned with possible prospective publicity, traditional judicial techniques may easily be used to insulate the jury from the consequences of publicity, and ameliorate the problem if it does indeed arise. See *Lewis*, p. 7. As yet, there is not a "strict and inescapable necessity for closure". *Lewis*, p. 8.

### II. Alternatives Are Available, Other Than a Change of Venue, Which Can Protect a Defendant's Right to a Fair Trial.

It is unnecessary to consider the second prong of the *Lewis* analysis because the motion can be properly disposed of on the first. This Court notes that five of the alternatives proposed by the *Lewis* court to protect the Defendant's right to a fair trial are applicable in the instant case. The Court may consider a change of jury venire, individual voir dire, additional peremptory challenges, sequestration and admonition of the jury, as outlined by *Lewis*—as less restrictive alternatives to closure and sealing of public documents. There may also be additional changes in the jury selection procedure which could be helpful.

It should be noted that Duval County has a population of some 600,000 residents in a land area which is one of the largest of any American city. Such alternatives have a more significant impact in this county than in other counties where the population may be smaller and in a more compact geographical area. One or more of these measures would adequately protect the Defendant's interest and would be less burdensome to all involved. See *Lewis*, p. 8.

**35**

**III.** *There is Not Substantial Probability That Closure Would Be Effective in Protecting the Defendant Against the Perceived Harm.*

Any "perceived harm" has already occurred and is not substantial, and is subject to remedy, as outlined above. Closure may indeed heighten media attention to other matters not so restricted. Though it is true that the pendency of the trial may accelerate or concentrate media attention on the matters already made public, the filing of such a motion at this time is not deemed an appropriate remedy.

Upon consideration of the foregoing, it is thereupon

ORDERED

1. That the Defendant's Motion for Closure be denied.

2. The public documents currently under seal be opened for public inspection.

3. That further hearings relative to the State's Williams Rule Notice be held in this Court's usual fashion, i.e., open, public, and a matter of record.

4. That this Order is issued without prejudice, in that the Defendant may refile this or similar motions in the event that circumstances warrant this Court's further consideration.