481 So.2d 958 (1986)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
TALLAHASSEE DEMOCRAT, INC., and Friends of Children, Inc., Respondents.
No. BI-53.
District Court of Appeal of Florida, First District.
January 7, 1986.
*959 John L. Pearce, Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
Murray H. Dubbin of Dubbin & Berkman, Miami, for appellee Friends of Children, Inc.
C. Gary Williams and Michael J. Glazer of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee Tallahassee Democrat.
WENTWORTH, Judge.
The Department of Health and Rehabilitative Services (HRS) seeks review of a hearing officer's ruling that an administrative hearing would not be closed to the public and news media.[1] We find that HRS has failed to demonstrate any error below, and we therefore affirm the order under review.
Friends of Children, Inc. (Friends) is a child placement/adoption agency which applied for a Florida license. HRS expressed its intent to deny the application for a license, and Friends requested a § 120.57, Florida Statutes, administrative hearing. Discovery ensued and HRS obtained from Friends the names of numerous persons with whom Friends had been in contact regarding child placement/adoption. Questionnaires were submitted to these individuals and HRS obtained several depositions, intending to present this information and other testimony at the administrative hearing.
Respondent Tallahassee Democrat moved to intervene "for the limited purpose of seeking a determination that the final hearing... and the files and evidence presented will be open to the public and the press." HRS filed a written response which was treated as a "Motion to Close Hearing." The hearing officer determined that the hearing would be a licensing proceeding pursuant to § 409.175, Florida Statutes, and ruled that § 63.162(1), Florida Statutes, and Florida Administrative Code Rule 10C-15.53(5) thus did not apply. The hearing officer did further note that *960 §§ 63.162(2) and (6), Florida Statutes, provide for "limited confidentiality to the papers and records of ... adoption proceedings," and directed that counsel respond at the commencement of the hearing as to "why it would not suffice for witnesses to identify themselves, or others, only by their initials... ." HRS then petitioned this court for review of the hearing officer's order.
Florida Statutes, Chapter 63, is entitled the "Florida Adoption Act," and establishes standards for hearings on adoptions. Section 63.162(1) provides that "hearings held in proceedings under this Act shall be held in closed court... ." Although § 63.202, Florida Statutes, empowers HRS to license adoption agencies, hearings with regard to such licensing are governed by the provisions of § 409.175 and Chapter 120, Florida Statutes. As the hearing officer correctly discerned, the action in the present case thus does not involve a proceeding under Chapter 63, and § 63.162(1) therefore does not require closure.
Nevertheless, as the hearing officer recognized, §§ 63.162(2) and (6) do provide confidentiality for identifying information regarding the adoptee, the adoptive parents, and the natural parents of an adopted child, and such confidentiality is not conditioned upon the nature of the proceeding. However, when an open hearing is not expressly proscribed, the rule generally recognized is that closure should be ordered only if less restrictive alternatives would not sufficiently safeguard protected interests. E.g., see Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1983). In the present case the hearing officer has suggested that the confidentiality of the protected information may be preserved by utilizing initials rather than identifying by name the persons involved. Compliance with this procedure should effectuate the statutory privilege without impinging upon any right of access by the public or the news media.[2]
HRS also asserts that if closure is not appropriate, the burden of amending its written evidence so as to replace identifying names with initials might be avoided if media access to the hearing were conditioned upon a requirement that confidential information not be published. But no legal right has been shown as to this asserted "burden," and the procedure suggested by HRS would not comport with the confidentiality requirement of §§ 63.162(2) and (6). HRS has thus failed to show any error with regard to the order under review.
The order under review is therefore denied.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Inasmuch as review after final agency action may provide an inadequate remedy, we entertain review pursuant to § 120.68(1), Florida Statutes, and Fla.R.App.P. 9.100.
[2] In the event that HRS utilizes live testimony, the confidentiality required by §§ 63.162(2) and (6) would still apply. HRS has failed to show that adequate procedures could not be employed with regard to these witnesses so as to insure that the statutorily protected information remains confidential.