485 So.2d 1386 (1986)
Alan GOLDBERG, As Personal Representative of the Estate of Leo Goodwin, Jr., Petitioner,
v.
The Honorable William Clayton JOHNSON, Circuit Judge of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 85-2471.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
*1387 John B. DiChiarra, of Di Giulian & DiChiarra, P.A., Fort Lauderdale, for petitioner.
H. Dohn Williams, Jr., Fort Lauderdale, for guardians.
DOWNEY, Judge.
This is a timely petition for expedited review of an order excluding the press or public pursuant to Florida Rule of Appellate Procedure 9.100(d). Petitioner seeks reversal of a trial court order denying it access to public judicial records.
The factual background of this case indirectly involves the Estate of Leo Goodwin, Sr., who died in Broward County in May 1971, leaving a sizeable estate. Leo, Sr., had a son and a grandson, Leo Goodwin, Jr., and Leo Goodwin, III, both now deceased, who were beneficiaries of Leo, Sr.'s estate. Leo Goodwin, III, had a daughter, Elizabeth Goodwin, who is now one of the living beneficiaries of the Leo Goodwin, Sr., estate. Since she is a minor, her property is controlled by a guardianship pending in the Circuit Court of Broward County styled The Guardianship of Elizabeth Anne Goodwin. Alan Goldberg is the present representative of the Estate of Leo Goodwin, Jr., which is also pending in the Circuit Court of Broward County.
Goldberg filed a motion for limited intervention in the guardianship proceedings. Said motion requested the court to set aside the portions of its orders of May 9, 1985, and July 12, 1985, which sealed documents relating to a contract of employment between the guardianship and its attorneys and a settlement agreement between the guardianship and the Leo Goodwin *1388 Foundation. Steadman Stahl was then one of Elizabeth's guardians and he and the other guardians, Lynn C. McNees, the child's natural mother, and Troy Register, III, a certified public accountant, entered into the attorney's employment contract in question with Stahl's law firm. Mr. Stahl tendered his resignation as guardian on September 6, 1985, two days after the hearing on petitioner's motion.
Goldberg argued that the public's right to inspect judicial records required that the orders be vacated and the records be open for inspection. Although he advised the court of certain reasons peculiar to him, explaining why he should be granted access to the records, Goldberg contended that, as a member of the public, he had a right to seek intervention to have the court file unsealed.
The guardians of Elizabeth Anne Goodwin opposed Goldberg's motion on the ground that Elizabeth's right to privacy should prevent the disclosure incident to opening the sealed record. Furthermore, the minor's mother objected to opening the court records because she felt it would be injurious to the minor's welfare and would subject her to further harassment by the media, which had covered the minor's personal affairs as a beneficiary of the Leo Goodwin, Sr., estate in the past.
In its order denying intervention and unsealing of the documents in question, the trial judge noted the mother's objection based upon perceived media harassment and he also placed some weight upon the fact that the parties to the agreement specifically provided therein that the agreement should be sealed when filed in the guardianship proceedings. Thus, the judge questioned his authority to order it opened. Finally, the trial court held that "this court must conclude that the movant [Goldberg] `is not motivated by a serious and legitimate interest' ... but out of mere curiosity or a private interest relating to pending litigation between movant and this guardianship, all of which interest the movant attempts to cloak in a shroud of the public's right to know."
Florida Rule of Appellate Procedure 9.100(d) authorizes the filing of a petition in the district court of appeal to review any order excluding the press or public from access to any judicial records if the records are not required by law to be confidential. Pursuant to said rule, Goldberg has petitioned this court to review the two orders in question. The issue framed by the petition and response is whether the trial court erred in failing to open the records in question pursuant to petitioner's assertion of a public right of access to said records. We answer that question in the affirmative and hold that the denial of the motion for intervention and access to said records was error.
We commence our discussion of the reasons for our holding by recognizing some of the rules now clearly established in this area of the law. First of all, the public and press have a right to know what goes on in a courtroom whether the proceeding be civil or criminal. State ex rel. Miami Herald Publishing Company v. McIntosh, 340 So.2d 904 (Fla. 1976). In determining what restrictions, if any, to impose on access to judicial proceedings, the court must balance the rights and interests of the parties involved in litigation with those of the public or press. Id. at 908. While the court has the inherent power to control the conduct of its proceedings, the power to exclude should be exercised cautiously and only for the most cogent reasons. State Ex. Rel. Gore Newspaper v. Tyson, 313 So.2d 777, 783 (Fla. 4th DCA 1975), overruled on other grounds; English v. McCrary, 348 So.2d 293 (Fla. 1977). In Bundy v. State, 455 So.2d 330 (Fla. 1984), the Supreme Court of Florida stated that, because of the importance of freedom of expression and because of society's interest in the openness of court proceedings, Florida's courts have held that the denial of access to court records for the purpose of protecting the interests of litigants may only be ordered after a showing that the *1389 following three prong test has been met. It must be shown that 1) the measure limiting or denying access (closure or sealing of records or both) is necessary to prevent a serious and imminent threat to the administration of justice; 2) no less restrictive alternative measures are available which would mitigate the danger; and 3) the measure being considered will in fact achieve the court's protective purpose. 455 So.2d at 377. Finally, this court in State ex rel Gore Newspaper Company v. Tyson, 313 So.2d 777 (Fla. 4th DCA 1975), held that the fact that the litigants may prefer to have their dissolution proceeding conducted in private, away from the prying eyes of the public and glare of the media, is not sufficient reason to exclude the public and press completely. Tyson, 313 So.2d at 783-784. The courts are not to be considered as the private domain of any person or group.
It appears to us that the trial court failed to follow the established rules laid down by the cases in entering the original orders sealing the documents in question. The mandate is clear that, in sealing records in a judicial proceeding, the court must determine that there are compelling reasons to do so and their reason must be specifically set forth in the order so that appellate review can be had, News-Press Publishing Company, Inc. v. State, 345 So.2d 865, 867 (Fla.2d DCA 1977). In the present case, the order sealing the documents failed to specifically set forth compelling reasons for closure and we find none suggested that would meet the three prong test, particularly the imminent threat to the administration of justice. Furthermore, when the propriety of sealing the records was presented to the court via Goldberg's motion to unseal the documents, the court erred in denying the motion upon the ground that it had good cogent reasons for sealing them. We take it that those reasons are described in the nondecretal portion of the order and include the desire of the guardian to prevent the minor from being harrassed by the media reporting various aspects of the guardianship proceedings; that Goldberg did not have any legitimate interest in inspecting the records; and that the parties to the litigation, i.e., the guardians and the lawyers, had requested the court that the settlement agreement and employment contract be sealed.
As pointed out earlier in this opinion, a litigant's preference that the public not be apprised of the details of his litigation is not grounds for closure. Tyson, 313 So.2d at 783-784. Were it otherwise, we suggest that a large percentage of the court proceedings in this nation would be closed. In addition, the guardians' perception of harrassment in the media's reporting of court proceedings involving the guardianship does not rise to the level of an imminent threat to the administration of justice. As this court noted in Tyson, "the `open court' concept is an indispensable part of our system of government and our way of life." Id. at 786. Thus, barring some recognized exception, such as a threat to the administration of justice, or that the parties could not be accorded a fair trial if the public and press were present, it does not suffice to say that Goldberg has no legitimate interest in these records since "[i]t is not the public's reason for attending but rather the public's right to attend that is to be evaluated." Id. at 786.
Finally, in response to appellees' assertion of a constitutional right of privacy pursuant to Article I, section 23, of the Florida Constitution, we cite the following language from our opinion in Tyson:
[W]henever litigants utilize the judicial process they place themselves in the position where the details of their difficulties will invariably be made public. It is sometimes felt that this is too high a price to pay for living in a civilized society, particularly when measured against a person's right to privacy ... But every right is not absolute to the point of inflexibility; some rights must bend and *1390 give way to other rights in certain instances. [Citations omitted.]
Id. at 784.
Accordingly, we hold that the two reasons stated by the trial court for sealing the records are not sufficient to override the public's right of access to the court proceedings and documents involved.
In view of the foregoing, we reverse the order appealed from and remand the cause with instructions to grant the motion to open the sealed documents in question.
REVERSED AND REMANDED with directions.
LETTS and GLICKSTEIN, JJ., concur.