# Supreme Court of Florida

_____

No. SC2023-0014
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.420 AND 2.533.**

May 11, 2023
**CORRECTED OPINION**

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee (Committee) has filed a report proposing amendments to Florida Rule of General Practice and Judicial Administration 2.420 (Public Access to and Protection of Judicial Branch Records) and the addition of new rule 2.533 (Oaths and Affirmations in Court).[1]  The Committee and the Board of Governors of The Florida Bar unanimously approved the proposed amendments.  The proposal was previously published for comment by the Committee, but no comments were received.

_____

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const; Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

Having considered the proposed amendments, the Court hereby amends rule 2.420 and adopts rule 2.533 as proposed by the Committee, with a minor modification to rule 2.533 for consistency with rule 2.530 (Communication Technology). Among other amendments, rule 2.420 is amended to include "documents related to the settlement of a minor's claim or the settlement of a claim for a ward" as information that the clerk of court must maintain as confidential in accordance with section 744.3701, Florida Statutes (2022). New rule 2.533 addresses who is authorized to administer oaths to jurors and witnesses in court.

The Florida Rules of General Practice and Judicial Administration are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective July 1, 2023, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before July 25, 2023, with a certificate of service verifying that a copy has

- 2 -

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Hon. Stephen R. Jewett, Chair, Rules of General Practice and Judicial Administration Committee, Orlando, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

been served on the Committee Chair, the Honorable Stephen R. Jewett, Ninth Judicial Circuit of Florida, 425 North Orange Avenue, Suite 465-A, Orlando, Florida 32801, ctjusj2@ocnjcc.org, and on the Bar Staff Liaisons to the Committee, Elizabeth Clark Tarbert, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, etarbert@floridabar.org, and Kelly Smith, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, ksmith@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until August 15, 2023, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

**APPENDIX**

**RULE 2.420.   PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS**

**(a)   Scope and Purpose.** Subject to the rulemaking power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall governs public access to and the protection of the records of the judicial branch of government. The public shall havehas access to all records of the judicial branch of government, except as provided below. Access to all electronic and other court records shall beis governed by the Standards for Access to Electronic Court Records and Access Security Matrix, as adopted by the supreme court in Administrative Order AOSC14-19 or the then-current Standards for Access.  Remote access to electronic court records shall beis permitted in counties where the supreme court's conditions for release of suchthose records are met.

**(b)   Definitions.**

(1)   "Records of the judicial branch" are all records, regardless of physical form, characteristics, or means of transmission, made or received in connection with the transaction of official business by any judicial branch entity and consist of:

(A)   [No Change]

(B)   "administrative records," which are all other records made or received pursuant tounder court rule, law, or ordinance, or in connection with the transaction of official business by any judicial branch entity.

(2)   [No Change]

(3)   "*Custodian*." The custodian of all administrative records of any court is the chief justice or chief judge of that court, except that each justice or judge is the custodian of all records that are solely within the possession of that justice or judge. At the conclusion of service on a court, each justice or judge shallmust

- 4 -

deliver to the court's chief justice or chief judge any records of the judicial branch in the possession of the departing justice or judge. As to all other records, the custodian is the official charged with the responsibility for the care, safekeeping, and supervision of ~~such~~ records. All references to "custodian" mean the custodian or the custodian's designee.

(4) "Confidential," as applied to information contained within a record of the judicial branch, means that ~~such~~ information is exempt from the public right of access under article I, section 24(a) of the Florida Constitution and may be released only to the persons or organizations designated by law, statute, or court order. As applied to information contained within a court record, the term "exempt" means that ~~such~~ information is confidential. Confidential information includes information that is confidential under this rule or under a court order entered ~~pursuant to~~under this rule. To the extent reasonably practicable, restriction of access to confidential information ~~shall be~~is implemented in a manner that does not restrict access to any portion of the record that is not confidential.

(5)-(6)    [No Change]

**(c)    Confidential and Exempt Records.** The following records of the judicial branch ~~shall be~~are confidential~~:~~.

(1)    [No Change]

(2)    Memoranda or advisory opinions that relate to the administration of the court and that require confidentiality to protect a compelling governmental interest, including, but not limited to, maintaining court security, facilitating a criminal investigation, or protecting public safety, which cannot be adequately protected by less restrictive measures. The degree, duration, and manner of confidentiality imposed ~~shall~~must be no broader than necessary to protect the compelling governmental interest involved, and a finding ~~shall be made~~that no less-restrictive measures are available to protect this interest must be made. The decision that confidentiality is required with respect to ~~such~~these administrative memorandum or written advisory opinion ~~shall be~~is made by the chief judge;

- 5 -

(3)     (A)     [No Change]

(B)     Complaints alleging misconduct against other entities or individuals licensed or regulated by the courts, until a finding of probable cause or no probable cause is established, unless otherwise provided. ~~Such~~The finding should be made within the time limit set by law or rule. If no time limit is set, the finding should be made within a reasonable period of time;

(4)     Periodic evaluations implemented solely to assist judges in improving their performance, all information gathered to form the bases for the evaluations, and the results generated ~~therefrom~~;

(5)     Only the names and qualifications of persons applying to serve or serving as unpaid volunteers to assist the court, at the court's request and direction, ~~shall be~~are accessible to the public. All other information contained in the applications by and evaluations of persons applying to serve or serving as unpaid volunteers ~~shall be~~are confidential unless made public by court order based ~~up~~on a showing of materiality in a pending court proceeding or ~~up~~on a showing of good cause;

(6)     Copies of arrest and search warrants and supporting affidavits retained by judges, clerks, or other court personnel until execution of ~~said~~the warrants or until a determination is made by law enforcement authorities that execution cannot be made;

(7)-(10)     [No Change]

**(d)     Procedures for Determining Confidentiality of Court Records.**

(1)     Except as provided in this subdivision ~~(d)(1)(C)~~, the clerk of the court ~~shall~~must designate and maintain the confidentiality of any information contained within a court record that is described in this subdivision ~~(d)(1)(A) or (d)(1)(B) of this rule~~.

(A)    The clerk of the court ~~shall~~must maintain as confidential information described by any of subdivisions (c)(1) through (c)(6) of this rule;

(B)    Except as provided by court order, the clerk of the court ~~shall~~must maintain as confidential information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i)-(ii)    [No Change]

(iii)    Social Security, bank account, charge, debit, and credit card numbers. § 119.0714(1)(i)–(j), (2)(a)–(e), Fla. Stat. (Unless redaction is requested ~~pursuant to~~under § 119.0714(2), Fla. Stat., this information is exempt only as of January 1, 2012.)

(iv)-(xiv)    [No Change]

(xv)    Guardianship reports, orders appointing court monitors, ~~and~~ orders relating to findings of no probable cause in guardianship cases, and documents related to the settlement of a minor's claim or the settlement of a claim for a ward. §§ 744.1076, 744.3025, 744.3701, Fla. Stat.

(xvi)-(xxiii)    [No Change]

(C) In civil cases, the clerk of the court ~~shall~~is not ~~be~~ required to designate and maintain information as confidential unless the filer follows the notice procedures ~~set forth~~ in subdivision (d)(2), ~~the filer~~ files a Motion to Determine Confidentiality of Court Records as set forth in subdivision (d)(3), and the filing is deemed confidential by court order~~,~~ or the case itself is confidential by law. "Civil cases" as used in this rule includes only civil case types in the circuit, county, or small claims courts (identified by the Court Type Designator CA, CC, and SC in the uniform case numbering system), except those case types listed as "Viewable on Request (VOR)" in the Standards for Access to

Electronic Court Records and Access Security Matrix, as adopted by the supreme court in Administrative Order AOSC14-19 or the then-current standards for access.

(2) The filer of any document containing confidential information described in subdivision (d)(1)(B) ~~shall~~must, at the time of filing, file with the clerk a "Notice of Confidential Information within Court Filing" ~~in order~~ to indicate that confidential information described in subdivision (d)(1)(B) of this rule is included within the document being filed and also indicate that either the entire document is confidential or identify the precise location of the confidential information within the document being filed. If an entire court file is maintained as confidential, the filer of a document in ~~such a~~that file is not required to file the notice form. A form Notice of Confidential Information within Court Filing accompanies this rule.

(A) If any document in a court file contains confidential information as described in subdivision (d)(1)(B), the filer, a party, or any affected non-party may file the Notice of Confidential Information within Court Filing if the document was not initially filed with a Notice of Confidential Information within Court Filing and the confidential information is not maintained as confidential by the clerk. The Notice of Confidential Information within Court Filing filed ~~pursuant to~~under this subdivision must also state the title and type of document, date of filing (if known), date of document, docket entry number, indicate that either the entire document is confidential or identify the precise location of the confidential information within the document, and provide any other information the clerk may require to locate the confidential information.

(B) The clerk of court ~~shall~~must review filings identified as containing confidential information to determine whether the purported confidential information is facially subject to confidentiality under subdivision (d)(1)(B). If the clerk determines that filed information is not subject to confidentiality under subdivision (d)(1)(B), the clerk ~~shall~~must notify the filer of the Notice of Confidential Information within Court Filing in writing within 5

days of filing the notice and ~~thereafter shall~~<u>must</u> maintain the information as confidential for 10 days from the date ~~such~~<u>the</u> notification by the clerk is served. The information ~~shall~~<u>must</u> not be held as confidential for more than that 10-day period~~,~~ unless a motion has been filed ~~pursuant to~~<u>under</u> subdivision (d)(3).

(3)     The filer of a document with the court ~~shall~~<u>must</u> ascertain whether any information contained within the document may be confidential under subdivision (c) of this rule ~~notwithstanding that such~~<u>even if the</u> information is not itemized at subdivision (d)(1) of this rule. If the filer believes in good faith that information is confidential but is not described in subdivision (d)(1) of this rule, the filer ~~shall~~<u>may</u> request that the information be maintained as confidential by filing a "Motion to Determine Confidentiality of Court Records" under the procedures ~~set forth~~ in subdivision (e), (f), or (g), unless:

(A)     the filer is the only individual whose confidential information is included in the document to be filed or is the attorney representing ~~all such individuals~~<u>the filer</u>; and

(B)     [No Change]

(4)     If a notice of confidential information is filed ~~pursuant to~~<u>under</u> subdivision (d)(2), or a motion is filed ~~pursuant to~~<u>under</u> subdivision (e)(1) or (g)(1) seeking to determine that information contained in court records is confidential, or <u>a motion is filed</u> ~~pursuant to~~<u>under</u> subdivision (e)(5) or (g)(5) seeking to vacate an order that has determined that information in a court record is confidential or seeking to unseal information designated as confidential by the clerk of court, then the person filing the notice or motion ~~shall~~<u>must</u> give notice of ~~such~~<u>that</u> filing to any affected non-party. Notice ~~pursuant to~~<u>under</u> this provision must:

(A)-(C)     [No Change]

(D)     include <u>the applicable statement that</u>:

(i)     ~~in the case of a motion to determine confidentiality of court records, a statement that if the~~ <u>if a</u> motion ~~to~~<u>to</u>

- 9 -

determine confidentiality of court records is denied then the subject material will not be treated as confidential by the clerk; and

(ii) ~~in the case of a motion to unseal confidential records or a motion to vacate an order deeming records confidential, a statement that if the~~ if a motion to unseal confidential records or vacate an order deeming records confidential is granted, the subject material will no longer be treated as confidential by the clerk.

Any notice ~~described herein~~in this subdivision must be served ~~pursuant to~~under subdivision (k), if applicable, together with the motion that gave rise to the notice in accordance with subdivision (e)(5) or (g)(5).

(5) ~~Except when the entire court file is maintained as confidential, if~~ If a judge, magistrate, or hearing officer files any document containing confidential information, the confidential information within the document must be identified as "confidential" and the title of the document must include the word "confidential~~.~~," except when the entire court file is maintained as confidential. The clerk must maintain the confidentiality of the identified confidential information. A copy of the document edited to omit the confidential information ~~shall~~must be provided to the clerk for filing and recording purposes.

**(e)   Request to Determine Confidentiality of Trial Court Records in Noncriminal Cases.**

(1)   A request to determine the confidentiality of trial court records in noncriminal cases under subdivision (c) must be made in the form of a written motion captioned "Motion to Determine Confidentiality of Court Records." A motion made under this subdivision must:

(A)   [No Change]

(B)   specify the bases for determining that ~~such~~the court records are confidential without revealing confidential information; and

- 10 -

(C)  set forth the specific legal authority and any applicable legal standards for determining ~~such~~the court records to be confidential without revealing confidential information.

(2)  Any written motion made under this subdivision must include a signed certification by the party or the attorney for the party making the request that the motion is made in good faith and is supported by a sound factual and legal basis. Information that is the subject ~~to such~~of a motion under this subdivision must be treated as confidential by the clerk pending the court's ruling on the motion. A response to a written motion filed under this subdivision may be served within 10 days of service of the motion. Notwithstanding any of the foregoing, the court may not determine that the case number, docket number, or other number used by the clerk's office to identify the case file is confidential.

(~~2~~3)  Except when a motion filed under subdivision (e)(1) represents that all parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing before ruling on the motion. Whether or not any motion filed under subdivision (e)(1) is agreed to by the parties, the court may in its discretion hold a hearing on ~~such~~the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c). Any person may request expedited consideration of and ruling on the motion. The movant ~~shall be~~is responsible for ensuring that a complete record of any hearing held ~~pursuant to~~under this subdivision is created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. The court may in its discretion require prior public notice of the hearing on such a motion in accordance with the procedure for providing public notice of court orders set forth in subdivision (e)(~~4~~5) or by providing such other public notice as the court deems appropriate. The court must issue a ruling on the motion within 30 days of the hearing.

- 11 -

(3**4**)　Any order granting in whole or in part a motion filed under subdivision (e) must state the following with as much specificity as possible without revealing the confidential information:

(A)-(G)　　[No Change]

(H)　that the clerk of the court is directed to publish the order in accordance with subdivision (e)(4**5**).

(4**5**)　Except as provided by law or court rule, notice must be given of any written order granting in whole or in part a motion made under subdivision (e)(1) as follows:

(A)　[No Change]

(B)　the order must remain posted in both locations for no less than 30 days. This subdivision ~~shall~~does not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).

(5**6**)　If a nonparty requests that the court vacate all or part of an order issued under subdivision (e) or requests that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made by a written motion, filed in that court, that states with as much specificity as possible the bases for the motion. The motion must set forth the specific legal authority and any applicable legal standards supporting the motion. The movant must serve all parties and all affected non-parties with a copy of the motion. Except when a motion filed under this subdivision represents that all parties and affected non-parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing on the motion. Regardless of whether any motion filed under this subdivision is agreed to by the parties and affected non-parties, the court may in its discretion hold a hearing on such motion. Any person may request expedited consideration of and ruling on the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court

conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c). The court must issue a ruling on the motion within 30 days of the hearing. The movant ~~shall be~~is responsible for ensuring that a complete record of any hearing held under this subdivision be created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. This subdivision ~~shall~~does not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).

**(f)     Request to Determine Confidentiality of Court Records in Criminal Cases.**

(1)     Subdivisions (e) and (h) ~~shall~~ apply to any motion by the state, a defendant, or an affected non-party to determine the confidentiality of trial court records in criminal cases under subdivision (c), except as provided in subdivision (f)(3). As to any motion filed in the trial court under subdivision (f)(3), the following procedure ~~shall apply~~applies:

(A)     ~~Unless the motion represents that the state, defendant(s), and all affected non-parties subject to the motion agree to all of the relief requested, the~~The court must hold a hearing on the motion filed under this subdivision within 15 days of the filing of the motion, unless the motion represents that the state, defendant(s), and all affected non-parties subject to the motion agree to all of the relief requested. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A).

(B)     The court ~~shall~~must issue a written ruling on a motion filed under this subdivision within 10 days of the hearing on a contested motion or within 10 days of the filing of an agreed motion.

(2)     Subdivision (g) ~~shall~~ appl~~y~~ies to any motion to determine the confidentiality of appellate court records under subdivision (c), except as provided in subdivision (f)(3). As to any

motion filed in the appellate court under subdivision (f)(3), the following procedure ~~shall apply~~<u>applies</u>:

(A)-(B)     [No Change]

(C)     The court ~~shall~~<u>must</u> issue a written ruling on a motion filed under this subdivision within 10 days of the filing of a response on a contested motion or within 10 days of the filing of an uncontested motion.

(3)     Any motion to determine whether a court record that pertains to a plea agreement, substantial assistance agreement, or other court record that reveals the identity of a confidential informant or active criminal investigative information is confidential under subdivision (c)(9)(A)(i), (c)(9)(A)(iii), (c)(9)(A)(v), or (c)(9)(A)(vii) of this rule may be made in the form of a written motion captioned "Motion to Determine Confidentiality of Court Records." Any motion made ~~pursuant to~~<u>under</u> this subdivision must be treated as confidential and indicated on the docket by generic title only, pending a ruling on the motion or further order of the court. As to any motion made under this subdivision, the following procedure ~~shall apply~~<u>applies</u>:

(A)     Information that is the subject of ~~such~~<u>the</u> motion must be treated as confidential by the clerk pending the court's ruling on the motion. Filings containing the information must be indicated on the docket in a manner that does not reveal the confidential nature of the information.

(B)     The provisions of subdivisions (e)(~~3~~<u>4</u>)(A)–(G), (g)(7), (h), and (j)~~,~~ ~~shall~~ apply to motions made under this subdivision. The provisions of subdivisions (e)(1), (e)(~~2~~<u>3</u>), (e)(~~3~~<u>4</u>)(H), (e)(~~4~~<u>5</u>), and (e)(~~5~~<u>6</u>) ~~shall~~<u>do</u> not apply to motions made under this subdivision.

(C)     No order entered under this subdivision may authorize or approve the sealing of court records for any period longer than is necessary to achieve the objective of the motion, and in no event longer than 120 days. Extensions of an order issued ~~here~~under <u>this subdivision</u> may be granted for 60–day periods, but

each such extension may be ordered only ~~upon~~ the filing of another motion in accordance with the procedures set forth under this subdivision. In the event of an appeal or review of a matter in which an order is entered under this subdivision, the lower tribunal ~~shall~~must retain jurisdiction to consider motions to extend orders issued ~~here~~under this subdivision during the course of the appeal or review proceeding.

(D)   The clerk of the court ~~shall~~must not publish any order of the court issued ~~here~~under this subdivision in accordance with subdivision (e)(4<u>5</u>) or (g)(4) unless directed by the court.  The docket ~~shall~~must indicate only the entry of the order.

(4)   [No Change]

**(g)   Request to Determine Confidentiality of Appellate Court Records in Noncriminal Cases.**

(1)   Subdivision (e)(1) ~~shall~~ appl~~y~~ies to any motion filed in the appellate court to determine the confidentiality of appellate court records in noncriminal cases under subdivision (c). Such a motion may be made with respect to a record that was presented or presentable to a lower tribunal, but no determination concerning confidentiality was made by the lower tribunal, or a record presented to an appellate court in an original proceeding.

(2)   A response to a motion filed under subdivision (g)(1) may be served within 10 days of service of the motion. The court ~~shall~~must issue a written ruling on a written motion filed under this subdivision within 30 days of the filing of a response on a contested motion or within 30 days of the filing of an uncontested written motion.

(3)   Any order granting in whole or in part a motion filed under subdivision (g)(1) must be in compliance with the guidelines set forth in subdivisions (e)(3<u>4</u>)(A)–(e)(3<u>4</u>)(H). Any order requiring the sealing of an appellate court record operates to also make those same records confidential in the lower tribunal during the pendency of the appellate proceeding.

- 15 -

(4)     Except as provided by law, within 10 days following the entry of an order granting a motion under subdivision (g)(1), the clerk of the appellate court must post a copy of the order on the clerk's website and must provide a copy of the order to the clerk of the lower tribunal, with directions that the clerk of the lower tribunal ~~shall~~must seal the records identified in the order. The order must remain posted by the clerk of the appellate court for no less than 30 days.

(5)-(6)     [No Change]

(7)     ~~Upon~~On conclusion of the appellate proceeding, the lower tribunal may, ~~up~~on appropriate motion showing changed circumstances, revisit the appellate court's order directing that the records be sealed.

(8)     Records of a lower tribunal determined to be confidential by that tribunal must be treated as confidential during any review proceedings. In any case where information has been determined to be confidential under this rule, the clerk of the lower tribunal ~~shall~~must ~~so~~ indicate that in the index transmitted to the appellate court. If the information was determined to be confidential in an order, the clerk's index must identify ~~such~~the order by date or docket number. This subdivision does not preclude review by an appellate court, under Florida Rule of Appellate Procedure 9.100(d), or affect the standard of review by an appellate court, of an order by a lower tribunal determining that a court record is confidential.

**(h)     Oral Motions to Determine Confidentiality of Trial Court Records.**

(1)     Notwithstanding the written notice requirements of subdivision (d)(2) and written motion requirements of subdivisions (d)(3), (e)(1), and (f), the movant may make an oral motion to determine the confidentiality of trial court records under subdivision (c), provided:

(A)-(D)     [No Change]

- 16 -

(E)     except for oral motions under subdivision (f)(3), the provisions of subdivision (e)(~~2~~3) ~~shall~~ apply to the oral motion, procedure and hearing;

(F)     the provisions of subdivision (f)(1)(A) and (f)(1)(B) and (f)(3) ~~shall~~ apply to any oral motion under subdivision (f)(3); and

(G)     [No Change]

(2)     The court may deny any oral motion made ~~pursuant to~~under subdivision (h)(1) if the court finds that that movant had the ability to timely comply with the written notice requirements in subdivision (d) or the written motion requirements of subdivision (d)(3), (e)(1), or (f), as applicable, or the movant failed to provide adequate notice to the parties and affected non-parties of the confidentiality issues to be presented to the court.

(3)     Until the court renders a decision regarding the confidentiality issues raised in any oral motion, all references to purported confidential information as set forth in the oral motion ~~shall~~must occur in a manner that does not allow public access to such information.

(4)     If the court grants in whole or in part any oral motion to determine confidentiality, the court ~~shall~~must issue a written order that does not reveal the confidential information and complies with the applicable subdivision of this rule as follows:

(A)     For any oral motion under subdivision (e) or (f)(1), except subdivisions (f)(1)(A) and (f)(1)(B), the written order must be issued within 30 days of the hearing and must comply with subdivision (e)(~~3~~4).

(B)     [No Change]

**(i)     Sanctions.** After notice and an opportunity to respond, and ~~up~~on determining that a motion, filing, or other activity described below was not made in good faith and was not supported by a sound legal or factual basis, the court may impose sanctions

against any party or non-party and/or their attorney, if that party or non-party and/or their attorney, in violation of the applicable provisions of this rule:

(1)-(6)     [No Change]

Nothing in this subdivision is intended to limit the authority of a court to enforce any court order entered ~~pursuant to~~under this rule.

**(j)     Procedure for Obtaining Access to Confidential Court Records.**

(1)-(4)     [No Change]

(5)     The filer of confidential court records, that filer's attorney of record, or that filer's agent as authorized by that filer in writing may obtain access to such confidential records ~~pursuant to~~under this subdivision.

(6)     Unless otherwise provided, an order granting access to confidential court records under this subdivision ~~shall~~does not alter the confidential status of the record.

**(k)     Procedure for Service on Victims and Affected Non-parties and When Addresses Are Confidential.**

(1)     In criminal cases, when the defendant ~~is required to~~must serve any notice or motion described in this rule on an alleged victim of a crime, service ~~shall~~must be on the state attorney, who ~~shall~~must send or forward the notice or motion to the alleged victim.

(2)     Except as set forth in subdivision (k)(1), when serving any notice or motion described in this rule on any affected non-party whose name or address is not confidential, the filer or movant ~~shall~~must use reasonable efforts to locate the affected non-party and may serve ~~such~~the affected non-party by any method set forth in Florida Rule of General Practice and Judicial Administration 2.516.

(3)	Except as set forth in subdivision (k)(1), when serving any notice or motion described in this rule and the name or address of any party or affected non-party is confidential, the filer or movant must state prominently in the caption of the notice or motion "Confidential Party or Confidential Affected Non-Party — Court Service Requested." When a notice or motion so designated is filed, the court ~~shall be~~is responsible for providing a copy of the notice or motion to the party or affected non-party, by any method permitted in Florida Rule of General Practice and Judicial Administration 2.516, in such a way as to not reveal the confidential information.

**(*l*)	Denial of Access Request for Administrative Records.** Expedited review of denials of access to administrative records of the judicial branch ~~shall~~must be provided through an action for mandamus or other appropriate relief, in the following manner:

(1)	When a judge who has denied a request for access to records is the custodian, the action ~~shall~~must be filed in the court having appellate jurisdiction to review the decisions of the judge denying access. ~~Up~~On order issued by the appellate court, the judge denying access to records ~~shall~~must file a sealed copy of the requested records with the appellate court.

(2)	All other actions under this rule ~~shall~~must be filed in the circuit court of the circuit in which such denial of access occurs.

**(m)	Procedure for Public Access to Judicial Branch Records.** Requests and responses to requests for access to records under this rule ~~shall~~must be made in a reasonable manner.

(1)	Requests for access to judicial branch records ~~shall~~must be in writing and ~~shall~~must be directed to the custodian. The request ~~shall~~must provide sufficient specificity to enable the custodian to identify the requested records. The reason for the request is not required to be disclosed.

(2)	The custodian ~~shall be~~is solely responsible for providing access to the records of the custodian's entity. The

custodian ~~shall~~__must__ determine whether the requested record is subject to this rule and, if so, whether the record or portions of the record are exempt from disclosure. The custodian ~~shall~~__must__ determine the form in which the record is provided. If the request is denied, the custodian ~~shall~~__must__ state in writing the basis for the denial.

(3)    Fees for copies of records in all entities in the judicial branch of government, except for copies of court records, ~~shall~~__must__ be the same as those provided in section 119.07, Florida Statutes.

## Committee Note

**1995 Amendment.** This rule was adopted to conform to the 1992 addition of article I, section 24, to the Florida Constitution. Amendments to this rule were adopted in response to the 1994 recommendations of the Study Committee on Confidentiality of Records of the Judicial Branch.

Subdivision (b) has been added by amendment and provides a definition of "judicial records" that is consistent with the definition of "court records" contained in rule 2.075(a)(1) [renumbered as 2.430(a)(1) in 2006] and the definition of "public records" contained in chapter 119, Florida Statutes. The word "exhibits" used in this definition of judicial records is intended to refer only to documentary evidence and does not refer to tangible items of evidence such as firearms, narcotics, etc. Judicial records within this definition include all judicial records and data regardless of the form in which they are kept. Reformatting of information may be necessary to protect copyrighted material. *Seigle v. Barry*, 422 So. 2d 63 (Fla. 4th DCA 1982), *review denied*, 431 So. 2d 988 (Fla. 1983).

The definition of "judicial records" also includes official business information transmitted via an electronic mail (e-mail) system. The judicial branch is presently experimenting with this new technology. For example, e-mail is currently being used by the judicial branch to transmit between judges and staff multiple matters in the courts including direct communications between

judges and staff and other judges, proposed drafts of opinions and orders, memoranda concerning pending cases, proposed jury instructions, and even votes on proposed opinions. All of this type of information is exempt from public disclosure under rules 2.051(c)(1) and (c)(2) [renumbered as 2.420(c)(1) and (c)(2) in 2006]. With few exceptions, these examples of e-mail transmissions are sent and received between judicial officials and employees within a particular court's jurisdiction. This type of e-mail is by its very nature almost always exempt from public record disclosure ~~pursuant to~~under rule 2.051(c). In addition, official business e-mail transmissions sent to or received by judicial officials or employees using dial-in equipment, as well as the use of on-line outside research facilities such as Westlaw, would also be exempt e-mail under rule 2.051(c). On the other hand, we recognize that not all e-mail sent and received within a particular court's jurisdiction will fall into an exception under rule 2.051(c). The fact that a non-exempt e-mail message made or received in connection with official court business is transmitted intra-court does not relieve judicial officials or employees from the obligation of properly having a record made of such messages so they will be available to the public similar to any other written communications. It appears that official business e-mail that is sent or received by persons outside a particular court's jurisdiction is largely non-exempt and is subject to recording in some form as a public record. Each court should develop a means to properly make a record of non-exempt official business e-mail by either electronically storing the mail or by making a hard copy. It is important to note that, although official business communicated by e-mail transmissions is a matter of public record under the rule, the exemptions provided in rule 2.051(c) exempt many of these judge/staff transmissions from the public record. E-mail may also include transmissions that are clearly not official business and are, consequently, not required to be recorded as a public record. Each court should also publish an e-mail address for public access. The individual e-mail addresses of judicial officials and staff are exempt under rule 2.051(c)(2) to protect the compelling interests of maintaining the uninterrupted use of the computer for research, word-processing, preparation of opinions, and communication during trials, and to ensure computer security.

Subdivision (c)(3) was amended by creating subparts (a) and (b) to distinguish between the provisions governing the confidentiality of complaints against judges and complaints against other individuals or entities licensed or regulated by the Supreme Court.

Subdivision (c)(5) was amended to make public the qualifications of persons applying to serve or serving the court as unpaid volunteers such as guardians ad litem, mediators, and arbitrators and to make public the applications and evaluations of such persons ~~upon~~ a showing of materiality in a pending court proceeding or ~~upon~~ a showing of good cause.

Subdivision (c)(9) has also been amended. Subdivision (c)(9) was adopted to incorporate the holdings of judicial decisions establishing that confidentiality may be required to protect the rights of defendants, litigants, or third parties; to further the administration of justice; or to otherwise promote a compelling governmental interest. *Barron v. Florida Freedom Newspapers, Inc.*, 531 So. 2d 113 (Fla.1988); *Miami Herald Publishing Co. v. Lewis*, 426 So. 2d 1 (Fla.1982). Such confidentiality may be implemented by court rule, as well as by judicial decision, where necessary for the effective administration of justice. *See, e.g.*, Fla.R.Crim.P. 3.470, (Sealed Verdict); Fla.R.Crim.P. 3.712, (Presentence Investigation Reports); Fla.R.Civ.P. 1.280(c), (Protective Orders).

Subdivision (c)(9)(D) requires that, except where otherwise provided by law or rule of court, reasonable notice shall be given to the public of any order closing a court record. This subdivision is not applicable to court proceedings. Unlike the closure of court proceedings, which has been held to require notice and hearing ~~prior to~~before closure, *see Miami Herald Publishing Co. v. Lewis*, 426 So. 2d 1 (Fla.1982), the closure of court records has not required prior notice. Requiring prior notice of closure of a court record may be impractical and burdensome in emergency circumstances or when closure of a court record requiring confidentiality is requested during a judicial proceeding. Providing reasonable notice to the public of the entry of a closure order and an opportunity to be heard on the closure issue adequately protects the competing interests of confidentiality and public access to

judicial records. *See Florida Freedom Newspapers, Inc. v. Sirmons*, 508 So. 2d 462 (Fla. 1st DCA 1987), *approved, Barron v. Florida Freedom Newspapers, Inc.*, 531 So. 2d 113 (Fla.1988); *State ex rel. Tallahassee Democrat v. Cooksey*, 371 So. 2d 207 (Fla. 1st DCA 1979). Subdivision (c)(9)(D), however, does not preclude the giving of prior notice of closure of a court record, and the court may elect to give prior notice in appropriate cases.

## 2002 Court Commentary-2007 Court Commentary

[No Change]

## 2007 Committee Commentary

[No Change]

## APPENDIX TO RULE 2.420

IN THE .....(NAME OF COURT)....., FLORIDA
CASE NO.: ..........

_____

Plaintiff/Petitioner,

v.

_____

Defendant/Respondent.

_____/

## NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING

~~Pursuant to~~Under Florida Rule of General Practice and Judicial Administration 2.420(d)(2), I ~~hereby~~ certify:

- 23 -

( )(1) I am filing ~~herewith a~~the attached document containing confidential information as described in Rule 2.420(d)(1)(B) and that:

(a) The title/type of document is _____, and:

(b)( ) the entire document is confidential, or

( ) the confidential information within the document is precisely located at: _____.

OR

( )(2) A document was previously filed in this case that contains confidential information as described in Rule 2.420(d)(1)(B), but a Notice of Confidential Information within Court Filing was not filed with the document and the confidential information was not maintained as confidential by the clerk of the court. I hereby notify the clerk that this confidential information is located as follows:

(a) Title/type of document: _____;

(b) Date of filing (if known): _____;

(c) Date of document: _____;

(d) Docket entry number: _____;

(e) ( ) Entire document is confidential, or

( ) Precise location of confidential information in document: _____.

_____
Filer's Signature

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by (e-mail) (delivery) (mail) (fax) on: (All parties and Affected Non-Parties. Note: If the name or address of a Party or Affected Non-Party is confidential DO NOT include such information in this Certificate of Service. Instead, serve the State Attorney or request Court Service. See Rule 2.420(k)) _____, on _____, 20___.

_____
Name ..........
Address ..........
Phone ..........
Florida Bar No. (if applicable)..........
E-mail address ..........

**Note:** The clerk of court ~~shall~~must review filings identified as containing confidential information to determine whether the information is facially subject to confidentiality under subdivision (d)(1)(B). The clerk ~~shall~~must notify the filer in writing within 5 days if the clerk determines that the information is NOT subject to confidentiality, and the records ~~shall~~must not be held as confidential for more than 10 days, unless a motion is filed ~~pursuant to~~under subdivision (d)(3) of the Rule. Fla. R. Gen. Prac. & Jud. Admin. 2.420(d)(2).

## RULE 2.533.   OATHS AND AFFIRMATIONS IN COURT

Oaths and affirmations to jurors and witnesses in court may be administered by or before:

(a)   any judge, clerk, or deputy clerk of any court within this state; or

(b)   any person authorized to administer oaths in the State of Florida.